No. 25-3023

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

CHICAGO HEADLINE CLUB, *et al.*,

*Plaintiffs-Appellees*,

v.

KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security *et al.*,

*Defendants-Appellants*.

Appeal from the United States District Court
for the Northern District of Illinois
Case No. 1:25-cv-12173—Sara L. Ellis, Judge.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR AN EMERGENCY ADMINISTRATIVE STAY PENDING RESOLUTION OF THE MOTION TO STAY**

Plaintiffs submit this response in opposition to the part of Defendants' pending motion that asks for an emergency administrative stay, App. Doc. No. 9, and they will respond in detail to the part of Defendants' motion for a stay pending appeal on a schedule set by this Court:

1. "An administrative stay 'is only intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits.'" *Nat'l Urb. League v. Ross*, 977 F.3d 698, 700–01 (9th Cir. 2020) (quoting *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019)). Here, denying an administrative stay preserves the status quo. Nor can the Defendants credibly argue that an administrative stay is necessary to "minimize harm while [the] appellate court deliberates." See *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring in denial of applications to vacate stay).

2. The procedural history and the government's request to extend the injunctive relief in this case shows that there is no exigency or emergency that justifies an administrative stay of the district court's preliminary injunction while this Court considers the government's stay motion.

    a. More than a month ago, the district court entered a temporary restraining order (TRO) on October 9, 2025. D. Ct. Doc No. 42. Per Federal Rule of Civil Procedure 65, the district court initially set a hearing on Plaintiffs' motion for a preliminary injunction for October 23, 2025. D. Ct. Doc. No. 43. But at Defendants' own request, the TRO was extended for 14 days,

1

through November 6, 2025, and the evidentiary hearing on the preliminary injunction was moved to November 5, 2025. Doc. No. 51.

b. After a lengthy hearing with live testimony on November 5, 2025, the district court granted a preliminary injunction and denied Defendants' motion to stay on November 6, 2025. D. Ct. Doc. Nos. 250; 256 (Tr. of Hrg. on Nov. 6) at 46:6-25. The Defendants did not file a notice of appeal from that order until November 9, 2025, D. Ct. Doc. No. 257, and they did not file the pending motion for a stay until November 10, 2025 at 2 p.m., App. Doc. No. 9.

c. In addition to this litigation conduct, the Defendants have stated repeatedly in the district court – including during arguments and under oath – that their operations are not hindered by complying with the injunctive relief that the district court has ordered. D. Ct. Doc. No. 256 (Tr. of Hrg. on Nov. 5, 2025) at 216:5-16, 20-22, 217:3-8, 217:23-25, 219:5-6, 220:17-19, 221:2-4; D. Ct. Doc. No. 158 (Tr. of Hrg. on Oct. 29, 2025) at 3:23- 25, 4:1-4. Further, the Defendants acknowledged as recently as their arguments during the November 5 preliminary injunction hearing, that the preliminary injunction is "very similar" to the restraining order that has been in effect for more than a month. D. Ct. Doc. No. 256 (Tr. of Hrg. on Nov. 5, 2025) at 295:9.

Having consented to the extension of injunctive relief and having waited days after the entry of the preliminary injunction to move for a stay in this Court, the

Defendants cannot now argue that there exists an urgent emergency requiring the Court's aberrationally swift intervention before the parties have even had an opportunity to brief the Defendants' pending stay motion.

3. When any party, including the government, loses in the ordinary course, they are not entitled to an immediate administrative stay. The Federal Rules of Civil Procedure make explicit that there is no automatic right to stay an injunction pending appeal. *See* Fed. R. Civ. P. 62(c). Administrative stays are rare and exceptional, see *Smith v. Davis*, No. 25-3381, 2025 WL 1826652, at *2 (6th Cir. July 2, 2025) ("an administrative stay is a rare procedural device used to enable a court 'to make an intelligent decision on the motion for a stay pending appeal,'" *quoting Texas*, 144 S. Ct. at 798–99 (2024) (Barrett, J., concurring)), but the government in this case and in many others increasingly argues that every single adverse ruling constitutes a five-alarm fire for which immediate appellate review is necessary, *see, e.g.*, *Rhode Island v. Trump*, 155 F.4th 35, 44 (1st Cir. 2025) (denying stay of preliminary injunction pending appeal). This Court should not endorse or promote that view.

4. The only explicit argument that the Defendants appear to make in support of an emergency administrative stay (as opposed to their motion in support of a stay more generally) is to characterize the district court's ruling as incomplete and provided orally. But there is nothing incomplete about the factual findings in the district court's lengthy oral ruling, D. Ct. Doc. No. 256 (Tr. of Hrg. on Nov. 6, 2025), which was provided in that manner because the government declined to

agree to a further extension of the TRO. And the district court intends to supplement that ruling in writing, which will then become the basis of this Court's review. See *Corp. v. Ruggiero*, 994 F.2d 1221, 1227–28 (7th Cir. 1993); *Transamerica Ins. Co. v. South*, 975 F.2d 321, 325 (7th Cir. 1992) (collecting cases).

    5.    Finally, for other reasons as well, this is not a case in which equitable principles support this Court's instantaneous intervention on an administrative basis. As Plaintiffs will discuss in greater detail in response to the part of Defendants' motion that asks for a stay of the district court's order pending appeal, the Defendants' conduct in this case disentitles it to equitable relief:

    a. As the district court found, the Defendants have outright lied in the claims they have advanced to support their defenses below. See D. Ct. Doc. No. 256 (Tr. of Hrg. on Nov. 6, 2025) at 8:5-7 (district court concluding evidence Defendants submitted was "simply not credible"), 9:06-08 (district court noting that Defendant Bovino "lied"), 21:3-6 (district court noting the videos submitted did not bear out their contention that a protester grabbed an agent's genitals); see also D. Ct. Doc. No. 196 at 1-7 (Plaintiffs' Reply Brief documenting numerous other instances in which Defendants made misleading statements or were caught in an outright lie regarding their uses of force in the Northern District of Illinois);

    b. In addition, Defendants did not tell the truth under oath during sworn testimony in the case. See D. Ct. Doc. No. 256 (Tr. of Hrg. on Nov. 6, 2025) at 9:1-5 (district court finding that "Defendant Bovino obviously

4

attacks and tackles [class-member-plaintiff declarant] to the ground. But Bovino, despite watching this video, says that he never used force against [him], and later denied seeing a projectile hit [Plaintiff] Reverend Black after watching that video."), 9:6-8 (district court finding that "Defendant Bovino admitted that he lied. He admitted that he lied about whether a rock hit him before he deployed tear gas in Little Village."), 10:12-15 (district court finding that Defendants' Customs and Border Patrol supervisor-witness, "testified that on body cam – that on the body cam when he said something, it was 'get them.' In listening to that body cam audio and watching it over again, clearly what he said was 'hit them.'").

c. Moreover, Defendants have openly defied the district court's orders. See D. Ct. Doc. No. 256 (Tr. of Hrg. on Nov. 6, 2025) at 17:21-25 (Defendant Bovino threw two tear gas canisters without warning after the court entered a TRO requiring two warnings), 22:15-17 (finding a "sustained pattern of conduct" of Defendants violating the TRO). D. Ct. Doc. Nos. 57; 89; 90; 94; 118; 140; 201; & 220 (providing evidence of continuing violations of the injunctive relief ordered by the district court). Though the record is being developed in the district court at the time of this filing, Plaintiffs contend that Defendants have continued to defy the district court's order between the entry of the preliminary injunction last week, and the stay motion just filed in this Court.

This Court should not intervene in a manner that inures to the benefit of executive actors acting lawlessly and disrespecting judicial authority. *E.g.*, *NLRB v. Neises Constr. Corp.*, 62 F.4th 1040, 1056 (7th Cir. 2023) (affirming an order crafted in response to the Defendant "flout[ing]" the court's orders).

6.      This morning, Defendants informed Plaintiffs that they intended to move for a stay pending appeal and to seek an administrative stay. Plaintiffs attempted to confer with the Defendants before they filed their motion, they noted that Defendants had not said there was or identified any need for emergency relief, and they proposed a briefing schedule on the motion to stay where Plaintiffs would file a response in opposition to the motion by close of business on Friday, November 14, 2025. The Defendants did not respond to Plaintiffs' correspondence before filing, and they instead filed the pending motion. Plaintiffs propose that they will file a fulsome opposition to the part of Defendants' motion for a stay pending appeal by Friday or on any schedule set by this Court.

RESPECTFULLY SUBMITTED,

/s/ Steve Art

*One of Plaintiff-Appellees' Attorneys*

Steve Art
Heather Lewis Donnell
Scott Rauscher
LOEVY + LOEVY
311 N. Aberdeen Street
Chicago, Illinois 60647
(312) 243-5900
steve@loevy.com

6

Elizabeth Wang
LOEVY + LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302

David B. Owens
LOEVY + LOEVY
c/o Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
Seattle, WA 98145-1110