# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| CHICAGO HEADLINE CLUB, et al.,<br><br>    Plaintiffs-Appellees,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security, et al.,<br><br>    Defendants-Appellants. | No. 25-3023 |

## THE GOVERNMENT'S MOTION TO DISMISS ITS APPEAL AND VACATE THE DISTRICT COURT'S PRELIMINARY INJUNCTION RULING

Pursuant to Federal Rules of Appellate Procedure 27 and 42(b), the government respectfully moves to voluntarily dismiss its appeal in this matter. The government further moves to vacate the district court's preliminary injunction ruling and accompanying findings consistent with *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). Plaintiffs previously represented to this Court that they "have agreed that they will consent to a motion by Defendants-Appellants to dismiss this appeal and vacate the district court's decision under *Munsingwear*." Pls.' Stay Mot. 2 (Dec. 2, 2025).

    **1.**    This case arises from the federal government's handling of often violent protests that occurred in the Chicago area during the fall of 2025. Plaintiffs filed suit

alleging that the federal defendants violated the First and Fourth Amendments as well as the Religious Freedom Restoration Act, 42 U.SC. § 2000bb-1.

**2.** On November 6, 2025, the district court entered a sprawling preliminary injunction imposing a host of restrictions on federal-law enforcement operations throughout the Northern District of Illinois. DE250, at 1.[1] The court also certified a class consisting of "[a]ll persons who are or will in the future non-violently demonstrate, protest, observe, document, or record at Department of Homeland Security immigration enforcement and removal operations in the" district, as well as two subclasses consisting of individuals engaging in either "religious expression" or "news gathering or reporting" at such operations. *See* DE252, at 1-2.

**3.** The government filed an immediate appeal of the district court's preliminary injunction ruling, DE257, at 1, and it moved in this Court for an emergency stay pending appeal and an administrative stay of the order, Stay Mot. (Nov. 10, 2025). On November 19, a unanimous panel of this Court granted the government's stay request, concluding that the government was "likely to succeed on the merits" of its appeal and that the government "face[d] irreparable harm" as a result of the overbroad and unworkable injunction. Order 2 (Nov. 19, 2025). This Court also set an expedited briefing schedule and argument date. The government submitted its opening brief in this matter on November 26, 2025.

---

[1] Numbered docket entries in the district court case, No. 1:25-cv-12173, are cited as "DE#, at #."

4. On December 2, 2025, after this Court had already stayed the preliminary injunction, plaintiffs moved in district court to voluntarily dismiss the case with prejudice pursuant to Federal Rules of Civil Procedures 23 and 41. DE295, at 1. Plaintiffs' counsel represented that they had "not received a single report of unconstitutional behavior that necessitated this case since November 8, 2025" and that "[a]ll individual plaintiffs – the Class Representatives and the other individual named plaintiffs – agree to dismissal with prejudice," which plaintiffs agreed was "fair and reasonable." DE295, at 1-2. Plaintiffs also moved to stay briefing on the government's appeal in this Court pending the district court's consideration of the voluntary dismissal motion. Pls.' Stay Mot. (Dec. 2, 2025). This Court granted that request, ordering the parties to "file a status report within 7 days of a ruling by the district court." Order (Dec. 4, 2025).

5. On January 8, 2026, the district court held a hearing on plaintiffs' dismissal motion. *See* DE324. Plaintiffs reiterated their request to dismiss the case with prejudice, stating that the "named plaintiffs in this case, think it is in their best interests at this point in time to dismiss the case voluntarily." DE328, at 16:19-21. Plaintiffs also reported that despite providing ample notice to class members of the dismissal motion, there were "no objections" to the request for voluntary dismissal with prejudice by "any members of the class." *Id.* at 15:15-17. And plaintiffs expressly declined to request that the court decertify the class pursuant to Federal Rule of Civil Procedure 23(c)(1)(3). *See id.* at 17:2-6 ("[f]ormally" taking "no position"

on whether to decertify the class). The district court nonetheless declined to act on the motion at the time.

6. On January 22, 2026, the district court held a further hearing on plaintiffs' dismissal motion and issued a ruling on the request from the bench. Despite plaintiffs' requests that the voluntary dismissal be with prejudice, and despite the fact that no class members objected to that request or sought to intervene, the district court dismissed the case without prejudice. *See* DE335. The court provided no reasoning whatsoever for its decision to contravene the most basic principle of party presentation and disregard plaintiffs' express request for dismissal with prejudice. *See* DE336, at 4:1-2; *see also Arreola-Castillo v. United States*, 889 F.3d 378, 383 (7th Cir. 2018) ("[A] federal court does not have *carte blanche* to depart from the principle of party presentation basic to our adversary system." (quotation marks omitted)).

7. Even more troubling, the district court on its own initiative also decertified the previously certified class, despite no request from any named plaintiff or class member to do so. *See* DE335. The only justification the court provided for the decertification decision was that it had "certified that class in anticipation of the preliminary injunction" and that "[b]ecause the preliminary injunction now is no longer in effect, there is no need for the class to be certified." DE336, at 3:23-4:2. The decertification order is legally unsound in every respect. Although decertification of a class may be appropriate where the prerequisites for class certification are no

longer satisfied, *see* Fed. R. Civ. P. 23(c)(1)(3), the district court made no attempt to explain why, in its view, the requirements for class certification were no longer met here. The lack of a reasoned explanation alone constitutes a plain abuse of discretion. *See Red Barn Motors, Inc. v. NextGear Cap., Inc.*, 915 F.3d 1098, 1103 (7th Cir. 2019) (holding that a district court abused its discretion in decertifying a class where it failed to provide a "thorough explanation of its reasoning"). The district court's focus on whether the preliminary injunction remained in effect is also entirely beside the point because the relevant inquiry under Rule 23(b)(2) is whether final injunctive relief is appropriate. *See* 2 Newberg and Rubenstein on Class Actions § 4:30 (6th ed.) (explaining that "Rule 23(b)(2) authorizes certification of a class so long as the class's goal is final injunctive or declaratory relief," meaning that "a case seeking only a provisional remedy such as a preliminary injunction likely cannot be certified under Rule 23(b)(2) on that basis alone"). At bottom, the court's decertification order is nothing more than a blatant attempt to manipulate the class-action device to relieve plaintiffs of any adverse consequences of their own choice to voluntarily dismiss this case, which violates the bedrock principle that it is "unfair to allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1058 (7th Cir. 2016) (quotation marks omitted).

8. Despite the district court's clear mishandling of this matter below, the government nonetheless respectfully moves to voluntarily dismiss this appeal in light

of plaintiffs' dismissal of their underlying complaint. The dismissal of the complaint means that the preliminary injunction is inoperative and that there is no longer a live controversy between the parties, thus mooting this appeal. *See Palka v. City of Chicago*, 662 F.3d 428, 436 (7th Cir. 2011).

9.      The government further moves to vacate the district court's preliminary injunction ruling and accompanying findings consistent with *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). As this Court has explained, "[a]s a general rule, when a case becomes moot on appeal, the district court's decision is vacated in order to make sure that a decision that the loser was unable to get appellate review of does not have res judicata or collateral estoppel effect in subsequent litigation between the parties." *Gjertsen v. Board of Election Comm'rs of City of Chi.*, 751 F.2d 199, 202 (7th Cir. 1984). "On this basis," this Court has "ordered a preliminary injunction vacated when the case became moot while the injunction was under appeal to this court." *Id.* (citing *Barbour v. Central Cartage, Inc.*, 583 F.2d 335, 336-37 (7th Cir. 1978) (*per curiam*)); *see also Kendall v. Doster*, 144 S. Ct. 481 (2023) (vacating as moot an order granting a preliminary injunction under *Munsingwear*); *Mayorkas v. Innovation L. Lab*, 141 S. Ct. 2842 (2021) (same).[2] That is the exact circumstance presented here: Through

---

[2] This Court has suggested that vacatur may not be appropriate where "only the preliminary injunction under appeal has become moot" but not "the case itself." *Orion Sales, Inc. v. Emerson Radio Corp.*, 148 F.3d 840, 843 (7th Cir. 1998); *see also Mitchell v. Wall*, 808 F.3d 1174, 1176 (7th Cir. 2015). That is not the circumstance presented here—plaintiffs' voluntary dismissal ends the case as a whole.

plaintiffs' actions, the entire case has become moot on appeal before the government could obtain review of the district court's preliminary injunction ruling. The district court's ruling contains hundreds of pages of contested factual findings, which, if left unvacated, could unfairly prejudice the government or its officers in future proceedings. Vacatur is particularly appropriate here, moreover, in light of the district court's clear attempts to preserve an opportunity for suit against the government in the future notwithstanding plaintiffs' own request for dismissal with prejudice and notwithstanding the fact that no party moved to decertify the previously certified class. In such circumstances, vacatur of the preliminary injunction ruling and its accompanying findings is warranted.

10.     Plaintiffs previously represented to this Court that they "have agreed that they will consent to a motion by Defendants-Appellants to dismiss this appeal and vacate the district court's decision under *Munsingwear*." Pls.' Stay Mot. 2 (Dec. 2, 2025). The government files this motion in lieu of a status report.

Respectfully submitted,

*s/ David L. Peters*
DAVID L. PETERS
   *Attorney, Appellate Staff*
   *Civil Division*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 598-6735*
   *david.l.peters@usdoj.gov*

January 2026

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system on all counsel of record.

>                               */s/ David L. Peters*
>                               David L. Peters

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the word limit of Fed. R. App. P. 27(d)(2)(C) because it contains 1,816 words. The motion also complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

*s/ David L. Peters*
David L. Peters
